# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JAMES MICHAEL TAYLOR,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:19CV00245 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DAVID ZOOK, WARDEN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |
| | ) | |

*James Michael Taylor, Pro Se Petitioner.*

James Michael Taylor, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging the validity of his confinement under a judgment of a state court. Upon review of the petition, I conclude that it must be summarily dismissed without prejudice for failure to exhaust available state court remedies.

According to court records on line and Taylor's petition, he pleaded guilty, pursuant to a plea agreement, in March 2017 to drug-related charges in the Circuit Court for Buchanan County. Sentencing was continued several times and was finally conducted on June 12, 2018, taking into account some convictions from Tazewell County as well. Taylor is now serving that combined sentence at Bland Correctional Center.

Taylor filed his § 2254 petition on March 18, 2019, alleging claims of ineffective assistance of counsel related to his plea agreement and other matters. He filed a Motion for Reconsideration of his sentence that was denied in July 2018. Taylor states that he did not file a direct appeal because counsel refused to do so. Taylor also indicates that he has never filed any other petition challenging the June 12, 2018, state court judgement, and state court records online are consistent with that representation.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Ultimately, exhaustion requires the petitioner to present his claims to the highest state court with jurisdiction to consider them and receive a ruling. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a § 2254 petitioner still has available state court proceedings in which he can litigate his habeas claims, a federal court should dismiss his § 2254 petition without prejudice to allow him to exhaust those state court remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

Taylor's time for a direct appeal has expired. *See* Va. Sup. Ct. R. 5:9(a) (providing that notice of appeal must be filed within 30 days from entry of trial court judgment). As stated, Taylor indicates on the face of his § 2254 petition that he has not filed state court habeas proceedings. He may file a state habeas petition

in the circuit court where he was sentenced, and if relief is denied, he may then file a habeas appeal to the Supreme Court of Virginia. *See* Va. Code Ann. §§ 8.01-654(A)(1), 17.1-406(B). In the alternative, Taylor may file his initial state habeas corpus petition directly in the Supreme Court of Virginia, instead of in the circuit court. Va. Code Ann. § 8.01-654(A)(1). Because these state court remedies remain available to Taylor, he has not yet fulfilled the exhaustion requirement in 28 U.S.C. § 2254(b). For this reason, I must dismiss his § 2254 petition without prejudice to allow him to exhaust state court remedies. Once he has done so, if he continues to believe that he is confined in violation of the Constitution, he may file a new § 2254 petition in this court.[1]

A separate Final Order will be entered herewith.

DATED: March 19, 2019

/s/ James P. Jones
United States District Judge

---

[1] Taylor is advised that state and federal laws set time limits for filing habeas petitions. *See* Va. Code Ann. § 8.01(A)(2); 28 U.S.C. § 2244(d). While a properly filed habeas petition is pending or on appeal in a state court, however, the time limit for the petitioner to file a § 2254 petition in federal court stops running. *See* 28 U.S.C. § 2244(d)(2).